UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND


| | | |
|---|---|---|
| WILLIAM D. SLONE, a/k/a | ) | |
| WILLIAM D. SLOAN, | ) | |
| | ) | Civil Action No. 12-CV-95-HRW |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOSEPH P. MEKO, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

William D. Slone is an inmate confined in the Eastern Kentucky Correctional
Complex ("EKCC") in West Liberty, Kentucky. Prior to his transfer to the EKCC,
Slone was confined in the Little Sandy Correctional Complex ("LSCC") in Sandy
Hook, Kentucky. Proceeding without an attorney, Slone has filed a civil rights
complaint pursuant to 42 U.S.C. § 1983 challenging conditions of his confinement
at the LSCC, the transfer and re- characterization of cases he filed in another federal
court, the seizure of his truck in 2009, and his criminal conviction in the Campbell
Circuit Court in 2011. [D. E. Nos. 1, 5 and 10]

The Court must conduct a preliminary review of Slone's complaint and
supplemental filings because he has been granted permission to pay the filing fee in
installments and because he asserts claims against government officials. 28 U.S.C.

§§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  The Court evaluates Slone's complaint under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts Slone's factual allegations as true, and liberally construes his legal claims in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed Slone's complaint and amended filings, the Court will dismiss with prejudice the claims he asserts in his original complaint [D. E. No. 1]; dismiss without prejudice the claims he asserts in his first and second amended complaints [D. E. Nos. 5 and 10]; and deny as moot Slone's pending motions seeking pauper status,[1] a hearing, and/or default judgment against the defendants [D. E. Nos. 6, 8, 12, and 13].

---

[1] On November 1, 2012, Slone filed his first motion seeking pauper status, D. E. No. 2, and the Court granted that motion on November 26, 2012.  *See* Order, [D. E. No. 4, pp. 1-2]  On December 3, 20120, Slone filed a second motion to proceed as a pauper, D. E. No. 6, presumably because he was unaware that his earlier motion had been granted just days before.

## BACKGROUND

On November 1, 2012, Slone (identifying himself as William D. "Sloan") filed this § 1983 civil rights action.[2]  Slone alleged that he was being illegally confined in the LSCC; that in June 2012, LSCC officials invaded his privacy on the prison computer, filed illegal documents, and refused to let him do his legal work; and that EKCC officials had engaged in the same conduct between October 20-21, 2012. [*Id.*, R. 1, p. 2 § III, therein].  Slone further alleged that the Kentucky Attorney General's Office had improperly changed some of his federal court filings to "a Habeas Corps." [*Id.*, p. 7, ¶ 8]

In his first amended complaint [D.E. No. 5], Slone alleged that on December 18, 2009, the Bellevue, Kentucky, Police Department violated his constitutional rights by seizing his truck without a warrant and not advising him of his *Miranda* rights.  [R. 5, pp. 2-4].  Slone further claimed that the Campbell Commonwealth's Attorney violated his constitutional rights by (1) waiting until January 2010, after the DNA test results on the truck were completed, before charging him with rape, and (2) altering a 911 audio tape which was played at his rape trial.  [*Id.*]

---

[2]  Slone named the following defendants: (1) LSCC Warden Joseph P. Meko; (2) "Miss" Reed, LSCC Unit Director; (3) "Mr. Ford," LSCC Librarian; (4) Jack Conway, Kentucky Attorney General; (5) David W. Barr, Assistant Kentucky Attorney General; (6) Gary Beckstrom, Warden of the Eastern Kentucky Correctional Complex in West Liberty, Kentucky, and the (7) the Commonwealth of Kentucky.

Slone also claimed that the Campbell Circuit Judge who presided over his rape trial violated his constitutional rights by permitting the prosecutor to play the allegedly altered 911 tape at trial, and by "changing final sentence on final sentence day." [*Id.*, p. 4] Finally, Slone reiterated that on May 17, 2012, he filed a 42 U.S.C. § 1983 civil rights action in federal court in Louisville, Kentucky, complaining of these alleged events, but that the Kentucky Attorney General's office improperly "switched" his § 1983 complaint to federal habeas corpus proceeding. [*Id.*, p. 3].

In his second amended complaint [R.10], Slone again complained that the presiding judge in his state court rape trial violated his constitutional rights by making various adverse rulings, and that various state and federal officials improperly converted his § 1983 complaint into a federal habeas corpus proceeding.

Slone seeks release from custody, the return of his F-150 truck, and two different sums in compensatory damages: $50,000.00, *see* D. E. No. 1, p. 8, and $10,900,000.00, *see* D. E. No. 5, p. 8; D. E. No. 10, p. 8.

## DISCUSSION

The Court will dismiss with prejudice the claims which Slone asserted in his original complaint [D. E. No. 1], because they are too vague and ambiguous to warrant further consideration, and therefore fail to state a claim upon which relief can be granted. In its November 26, 2012, Order, the Court advised Slone that his

4

complaint failed to satisfy the minimum pleading requirements of Federal Rule of Civil Procedure 8, which requires a complaint to provide a short and plain statement of the facts establishing grounds for relief. [D. E. No. 4, pp. 1-2]

In that order, the Court noted that "Of the five individuals named as defendants, Slone implies the involvement of only two of the defendants in the conduct he describes, and Slone fails to allege sufficient facts to even infer unconstitutional conduct on their part," [*Id.*, p. 2]. Accordingly, the Court instructed Slone to file an amended complaint which adequately described "... the facts of his case, specifically identifying the people, dates, places, and actions which are relevant to his claims. **If he fails to do so, the Court must dismiss his complaint without prejudice**." [ *Id.*] (emphasis added). Nothing could be clearer than this language, but Slone's first amended complaint contained no additional information supporting his sparse claims against any of the defendants named in his original complaint.

A plaintiff asserting claims under § 1983 must provide some factual basis for his or her claims, and mere conclusory allegations of unconstitutional conduct are insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Twombly*, 550 U.S. at 555–57; *Maldowan v. City of Warren*, 578 F.3d 351, 390–91 (6th Cir. 2009); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). A district court is not required to conjure up facts to support vague and conclusory

claims. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Because Slone failed or refused to supplement his claims against the defendants named in his original complaint, his claims against them will be dismissed with prejudice.

Slone's allegations that the Western District improperly transferred the two cases that he filed there to this Court, and that this Court improperly re-characterized his filings after the transfers, will also be dismissed. Slone must assert any objections he has either to the characterization of his habeas claims, or the transfer of those claims to this Court, *see Slone v. Little Sandy Correction Camp*, No. 2:12-cv-110-WOB (E.D. Ky. 2012) and *Slone v. Meko*, No. 2:12-cv-101-WOB (E.D. Ky. 2012), in those cases, not in this proceeding. The Court parenthetically notes its agreement with the Western District that such cases must be filed in the district because it is where his custodian may be found. *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 440-41 (2004).

Finally, Slone's claims seeking damages from the Commonwealth of Kentucky will be dismissed because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S.

139, 687-88 (1993); *see also*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Slone fails to state a claim upon which relief can be granted against the Commonwealth of Kentucky.

The claims which Slone asserts in his first and second amended complaints will also be dismissed, but without prejudice.  Slone can not recover damages in this § 1983 proceeding for the alleged seizure of his truck by the Bellevue Police Department.  In a federal claim alleging the deprivation of personal property without due process of law, a plaintiff must (1) demonstrate that he was deprived of property as a result of established state procedure that itself violates due process rights; or (2) prove that the defendants deprived him of property pursuant to a "random and unauthorized act" and that available state remedies would not adequately compensate him for the loss of the property.  *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).

Slone has not satisfied either criterion.  He did not allege that the seizure of his truck resulted from an established policy that violated his due process rights in violation of the Fourteenth Amendment of the United States Constitution.  Slone's allegation could be construed as a claim that the Bellevue Police Department confiscated his truck pursuant to a random or unauthorized act, but Slone had an available remedy which he could have pursued as to that claim-a state court action for

7

conversion-through which he could have sought compensation for his seized property. The unauthorized intentional deprivation of personal property does not violate the federal constitution if the plaintiff can pursue an available post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bailey v. Carter*, 15 F. App'x 245, 251 (6th Cir. 2001); *Vicory*, 721 F.2d at 1063.

Slone has not demonstrated that his state court remedy for the deprivation (either intentional or negligent) of his personal property was inadequate, and it was his burden to make that showing. *Vicory*, 721 F.2d at 1066; *Fox v. Van Oosterum*, 987 F.Supp. 597, 606 (W.D. Mich. 1997). His claims against the Bellevue Police Department stemming from the alleged seizure and/or confiscation of his truck and its contents on December 18, 2009, will be dismissed for failure to state a claim upon which relief can be granted.

Slone also can not recover damages in this § 1983 proceeding by alleging the Campbell Circuit Court officials involved in his rape prosecution, *i.e.*, the prosecutor and presiding judge, violated his constitutional rights because such claims amount to nothing more than a collateral challenge of his criminal conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994) holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff

must prove that the conviction or sentence has been [overturned]." *Id*. at 486-87. In other words, before Slone can seek money damages in this federal civil rights proceeding in which he claims that his criminal conviction was unlawfully obtained, he must show a favorable termination of his criminal conviction, *i.e.*, that his conviction has been overturned or set aside.

Slone currently cannot demonstrate a favorable termination of either his criminal conviction or the sentence which he is currently serving. On October 25, 2012, the Kentucky Supreme Court affirmed Slone's rape conviction and 30-year sentence. *Slone v. Commonwealth of Kentucky*, 382 S.W.3d 851 (Ky. 2012). Slone does not indicate that he filed a petition asking the United States Supreme Court to review his case, which would have been the only remaining avenue to appeal that ruling. A a § 2254 petition has been filed in this Court, in which Slone challenges his state court conviction, *see Slone v. Beckstrom*, No. 12 -cv-101-HRW (E.D. Ky. 2012) [R. 1], but that action is currently pending. Because Slone is currently serving a lawfully imposed state sentence which has not been reversed, set aside, or otherwise called into question, he can not collaterally attack his criminal convictions in this § 1983 civil rights proceeding by seeking damages from the defendants who were involved in his criminal prosecution.

9

The *Rooker-Feldman* doctrine also bars Slone's allegations against the state court prosecutor and presiding judge. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n.16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). As noted, Slone alleges no facts indicating that he has asked the United States Supreme Court to review his conviction and sentence.

For these reasons, the claims which Slone asserts in his first and second amended complaints will be dismissed without prejudice. The Court will also deny as moot all of Slone's pending motions.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1).   William D. Slone's motion for leave to proceed *in forma pauperis* [D. E. No. 6] is **DENIED** as **MOOT**;

(2).    Slone's motions requesting a hearing [D. E. Nos. 8 and 13] are **DENIED** as **MOOT**;

(3).    Slone's motion seeking a default judgment [D. E. No. 12] is **DENIED** as **MOOT**;

(3).    Slone's constitutional claims asserted in original complaint [D. E. No. 1] are **DISMISSED WITH  PREJUDICE**;

(4).    Slone's constitutional claims asserted in his first and second amended complaints [D. E. Nos. 5 and 10] are **DISMISSED WITH OUT PREJUDICE**;

(5).    This matter is **STRICKEN** from the active docket; and

(6).     The Court will enter a separate Judgment.

This March 12, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge