UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| WILLIAM D. SLONE, | ) | |
| a/k/a WILLIAM D. SLOAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-CV-95-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| JOSEPH P. MEKO, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

William D. Slone, proceeding *pro se*, has filed a motion to proceed *in forma pauperis* [D. E. No. 17] and a motion to amend/correct [D. E. No. 20] the order dismissing his civil rights complaint. Because Slone was granted pauper status in this proceeding on November 26, 2012, *see* D. E. No. 4, his current motion seeking pauper status will be denied as moot. As explained below, Slone's motion seeking the amendment and/or correction of the order dismissing his complaint will be denied.

## BACKGROUND

In this 42 U.S.C. § 1983 civil rights proceeding, Slone asserted a myriad of constitutional claims challenging the conditions of his confinement in the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky; the seizure of his

vehicle by the Bellevue, Kentucky, Police Department in December 2009; the manner in which the Campbell County Commonwealth's Attorney prosecuted him for rape; adverse rulings which the Campbell Circuit Court rendered during his state court rape trial; and the manner in which his federal habeas proceedings have been administratively processed. Slone sought release from custody, the return of his F-150 truck, and substantial compensatory damages.

On March 12, 2013, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") dismissing Slone's claims for a variety of reasons. [D. E. No. 14] In dismissing Slone's complaint, the Court determined that (1) Slone had failed to sufficiently articulate any viable claims against the LSCC defendants, *id.*, at pp-4-6; (2) Slone had to assert any objections to adverse rulings rendered in his federal habeas cases in *those* habeas cases, not in this § 1983 proceeding, *id.* at p. 6; (3) pursuant to the Eleventh Amendment of the U.S. Constitution, the Commonwealth of Kentucky enjoys immunity from damage claims under § 1983, *id.* at pp. 6-7; (4) Slone failed to state a claim upon which relief could be granted under § 1983 as to his claim alleging the wrongful conversion of his personal property/vehicle, *id.* at pp. 7-8; and (5) Slone's due process and other constitutional claims against the prosecutor and judge in his Campbell Circuit Court rape trial were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and the *Rooker-Feldman* doctrines, *id.* at pp. 8-11.

2

Slone then filed a one-page "Objection" [D. E. No. 16] to the Opinion and

Order, followed by a thirty-page motion [D. E. No. 20] to amend/correct the Opinion

and Order. Slone attached sixty pages of exhibits to his motion to amend/correct.

Broadly construed, Slone seeks reconsideration of the Opinion and Order under

Federal Rule of Civil Procedure 59(e), claiming that the Court misconstrued his

claims and made factual errors when it dismissed his complaint.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that a judgment can be set aside

or amended for one of four reasons: (1) to correct a clear error of law; (2) to account

for newly discovered evidence; (3) to accommodate an intervening change in the

controlling law; or (4) to otherwise prevent manifest injustice. *See also*, *ACLU of Ky.

v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Intera Corp. v.

Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A district court has discretion to grant

or deny a Rule 59(e) motion. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804,

832 (6th Cir. 1999). Re-argument is not an appropriate purpose for a motion to

reconsider. *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D.

Ky. Oct. 4, 2005).

Slone can not satisfy the first criterion of Rule 59(e) because the Court did not

erroneously apply the law as to any of the issues it decided. The Court examined

3

Slone's claims in detail and carefully explained its reasons for dismissing each of them, setting forth the legal authority for each ruling and applying it to Slone's facts. In his motion, Slone merely reiterates the same claims he originally set forth in his complaint and amended complaints–claims which the Court has fully addressed and rejected for the reasons set forth in the Opinion and Order. As to the other criteria set forth in Rule 59(e), Slone points to neither an intervening change in the law nor previously unavailable or newly discoverable evidence which entitle him to relief.

Finally, Slone has not established that the dismissal of his complaint and amended complaint results in manifest injustice. First, the Court gave Slone an opportunity to amend his original complaint in which he asserted facially insufficient claims against the LSCC defendants, but he failed to cure the defects noted in his complaint. Second, Slone had an available remedy in state court through which he could have pursued his claims alleging the deprivation of personal property/vehicle. Third, while Slone is currently unable to assert due process claims against the state court prosecutor and judge under § 1983, he may do so in the future if--but only if--he can demonstrate a favorable termination of his state court criminal conviction. For these reasons, the Court will not reconsider, alter, amend, or set aside the Opinion and Order and Judgment dismissing Slone's complaint and amended complaints.

4

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     William D. Slone's motion to proceed *in forma pauperis* [D. E. No. 17]

is **DENIED AS MOOT**; and

(2)     Slone's motion to amend/correct [D. E. No. 20] the March 12, 2013,

Memorandum Opinion and Order [D. E. No. 14] is **OVERRULED AND DENIED**.

This April 19, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

5